United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40945
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JORGE ALBERTO SALAVERRIA,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-40
---------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Jorge Alberto Salaverria appeals the 50-month term of
imprisonment imposed after his guilty plea to an indictment
charging him with illegal re-entry following deportation.
Salaverria contends that the district court reversibly erred by
imposing a guidelines sentence without considering his reasons
for coming to this country in light of the sentencing factors
listed in 18 U.S.C. § 3553(a).[1]  The record reflects that the
district court considered the statutory sentencing factors;

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

     [1]  There is no dispute that the 50-month sentence imposed is
within a properly calculated guideline range.

Salaverria has not shown that the sentence was unreasonable or that this court should not defer to the district court's determinations at sentencing. See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005).

Salaverria contends that the enhancement provisions of 18 U.S.C. § 1326 are unconstitutional on their face and as applied in this case. He argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that his 50-month term of imprisonment exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Salverria's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Salverria properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.